UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELECTION INTEGRITY FUND, et al., )
        Plaintiffs, )
 )    No. 1:20-cv-950
-v- )
 )    HON. PAUL L. MALONEY
CITY OF LANSING and CITY OF FLINT, )
        Defendants. )
 )

### ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

This matter is before the Court on Plaintiffs' motion for a preliminary injunction (ECF No. 5). Plaintiffs seek to enjoin Defendants from using any funds received as part of election grants from the Center for Tech and Civil Life ("CTCL"), arguing that the receipt of these funds violates federal law.

### I.

CTCL is a private non-profit organization that has provided election grants to local governments across the United States (Complaint, ECF No. 1 at ¶ 28). It provided a $400,000 grant to the City of Lansing and a $475,625 grant to the City of Flint (*Id.* at ¶ 63). Plaintiffs Election Integrity Fund and three of its members filed this action against the Cities of Lansing and Flint on September 29, 2020, alleging that the Cities violated federal law when they accepted these grants. Specifically, Plaintiffs allege that the Cities have violated the Supremacy Clause of the Constitution, the Help America Vote Act, 52 U.S.C. § 20901, *et seq.*, the National Voters Registration Act, 52 U.S.C. § 20501, *et seq.*, and Michigan Compiled Law § 168.931.

Plaintiffs moved for a temporary restraining order seeking to enjoin Defendants from using any of the funds received from CTCL (ECF No. 5), which this Court denied (ECF No. 11). The Court then construed Plaintiffs' motion as one for a preliminary injunction, and Defendants have now had the opportunity to respond (ECF Nos. 13, 16).

## II.

A trial court may issue a preliminary injunction under Federal Rule of Civil Procedure 65. A district court has discretion to grant or deny preliminary injunctions. *Planet Aid v. City of St. Johns, Michigan*, 782 F.3d 318, 323 (6th Cir. 2015). A court must consider each of four factors: (1) whether the moving party demonstrates a strong likelihood of success on the merits; (2) whether the moving party would suffer irreparable injury without the order; (3) whether the order would cause substantial harm to others; and (4) whether the public interest would be served by the order. *Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008) (quoting *Northeast Ohio Coalition for Homeless & Service Employees Int'l Union v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006)).

The four factors are not prerequisites that must be established at the outset but are interconnected considerations that must be balanced together. *Northeast Ohio Coalition*, 467 F.3d at 1009; *Coalition to Defend Affirmative Action v. Granholm*, 473 F.3d 237, 244 (6th Cir. 2006). "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002); see *Patio Enclosures, Inc. v. Herbst*, 39 F. App'x 964, 967 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000)).

2

The purpose of a preliminary injunction is to preserve the status quo. *Smith Wholesale Co., Inc. v. R.J. Reynolds Tobacco Co.*, 477 F.3d 854, 873 n. 13 (6th Cir. 2007) (quoting *United States v. Edward Rose & Sons*, 384 F.3d 258, 261 (6th Cir. 2004)). The Sixth Circuit has noted that "[a]lthough the four factors must be balanced, the demonstration of some irreparable injury is a *sine qua non* for issuance of an injunction." *Patio Enclosures*, 39 F. App'x at 967 (citing *Friendship Materials, Inc. v. Michigan Brick, Inc.*, 679 F.2d 100, 105 (6th Cir. 1982)).

## III.

First, the Court must consider whether Plaintiffs have demonstrated a likelihood of success on the merits of their claims. But in order to demonstrate a likelihood of success on the merits, Plaintiffs must show a substantial likelihood of establishing standing. *Waskul v. Washtenaw County Community Mental Health*, 900 F.3d 250, 256 (6th Cir. 2018). Thus, Plaintiffs bear the burden of demonstrating three elements: 1) a concrete and particularized injury in fact; 2) a causal connection between the injury and the conduct complained of; and 3) a likelihood that the injury will be redressed by a favorable decision. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157-8 (2014).

The Court finds that, at this stage, Plaintiffs have not demonstrated a substantial likelihood that a cognizable injury in fact exists. Plaintiffs allege that they are harmed by the Cities' acceptance of the CTCL grants because the use of those funds creates a risk that the outcome of the November 3, 2020 election will "skew" in favor of progressive candidates, which Plaintiffs oppose. Effectively, Plaintiffs have alleged an interest in seeing conservative representatives elected and alleged that this interest will be harmed should progressive

3

representatives be elected (*see* Complaint, ECF No. 1 at ¶¶ 5-7). However, this interest in the overall composition of government is not "an individual and personal injury of the kind required for Article III standing." *Gill v. Whitford*, 138 S. Ct. 1916, 1931 (2018). This interest in electing certain candidates is a "general interest common to all members of the public." *Ex parte Levitt*, 302 U.S. 633, 634 (1937) (per curiam). Plaintiffs may not rely on this "kind of undifferentiated, generalized grievance that [the Supreme Court] has refused to countenance in the past." *Lance v. Coffman*, 549 U.S. 437, 442 (2007). Therefore, Plaintiffs have failed to demonstrate a substantial likelihood that a recognized injury-in-fact exists.

Even if Plaintiffs had made such a showing, they have failed to show that the alleged injury-in-fact is "actual or imminent, not conjectural or hypothetical." *Susan B. Anthony List*, 573 U.S. at 158 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). This is so for two reasons. First, Plaintiffs' own data contradicts the allegation that CTCL has targeted its grants at "progressive cities" (*see, e.g.*, Motion for Temporary Restraining Order, ECF No. 6 at PageID.60-61 (showing that CTCL has provided grants to jurisdictions that are majority conservative, including Wayne County, Pennsylvania; Hopkins County, Texas; and Bowie County, Texas)). CTCL has provided grants to over 380 municipalities in Michigan of all political majorities (*see* ECF No. 15-8). Thus, the allegation that CTCL is targeting progressive areas is unsupported, which is fatal to the possibility of injury based on this allegation.

Moreover, for the Court to find that Plaintiffs will be injured, it must find in Plaintiffs' favor on each of a series of steps along the way. The Court would have to find that the presence of the CTCL grants would affect the behavior of third parties (including, perhaps,

4

election administrators and voters), that those third parties act, that those third parties act in a way contrary to Plaintiffs' interests, that a large number of those third parties actually do act, that those actions have an effect on the election, and that the outcome of the election is ultimately not to Plaintiffs' liking. On the present record, there is no way for the Court to make findings of fact on any of these questions, let alone all of them. Such a "highly attenuated chain of possibilities" cannot confer standing on a plaintiff. *Clapper v. Amnesty International USA*, 568 U.S. 398, 410 (2013).

Therefore, the Court finds that Plaintiffs have failed to show a likelihood of success of establishing standing to bring this lawsuit. The weakness of this showing necessitates a finding that Plaintiffs' likelihood of success on the merits of their claims is also weak. *See, e.g., Waskul*, 900 F.3d at 258; *Northeast Ohio Coalition*, 467 F.3d at 1010 ("The weakness of plaintiffs' showing of standing leads us to conclude that their likelihood of success on the merits is not strong.").

For the same reason Plaintiffs have failed to demonstrate standing, they have failed to demonstrate the existence of an imminent irreparable harm. "To be granted an injunction, the 'plaintiff must demonstrate, by clear and convincing evidence, actual irreparable harm or the existence of an actual threat of such injury.' " *Patio Enclosures,* 39 F. App'x at 969 (quoting *Robert W. Clark, M.D., Inc. v. Mt. Carmel Health*, 124 Ohio App. 3d 308, 339 (Ohio Ct. App. 1997)). Having found that any injury Plaintiffs have alleged is speculative and attenuated, the Court finds that Plaintiffs have failed to provide clear and convincing evidence of actual irreparable harm. To the extent that Plaintiffs argue that the infringement on their right to vote constitutes irreparable injury, the Court finds no allegations in the Complaint

5

that Plaintiffs' right to vote has been hampered or infringed upon. Thus, Plaintiffs have failed to demonstrate the existence of irreparable harm because of Defendants' actions.

Given the absence of a likelihood of success on the merits and irreparable harm, the Court need not evaluate or balance the remaining factors. *See Patio Enclosures*, 39 F. App'x at 970.

### IV.

Each factor in the preliminary injunction analysis favors Defendants. Plaintiffs have not yet demonstrated a substantial likelihood of establishing standing to bring this suit, so they have not shown a likelihood of success on the merits of their claims. Nor have they demonstrated irreparable harm. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for a preliminary injunction (ECF No. 5) is **DENIED.**

**IT IS SO ORDERED.**

Date: October 19, 2020                    /s/ Paul L. Maloney
　　　　　　　　　　　　　　　　　　　　　Paul L. Maloney
　　　　　　　　　　　　　　　　　　　　　United States District Judge